IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


MARY KONIKOWSKI,

      Plaintiff,

v.                                    Civil Action No. 5:12CV94
                                              (STAMP)

WHEELING ISLAND GAMING, INC.,
DIANA ARIGONI and
KIMBERLY PUSKARICH,

      Defendants.


**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND
AND DENYING WITHOUT PREJUDICE
DEFENDANT ARIGONI'S MOTION TO DISMISS**

### I. Procedural History

The plaintiff, Mary Konikowski ("Konikowski"), filed this civil action in the Circuit Court of Ohio County, West Virginia against the above-named defendants asserting claims of discrimination and retaliatory discharge. Specifically, Konikowski asserts claims against the defendant Wheeling Island Gaming, Inc. for discrimination based on a real or perceived disability in violation of the West Virginia Human Rights Act ("WVHRA"), retaliatory discharge in violation of both the WVHRA and the public policy of West Virginia, and for a violation of the West Virginia Wage Payment and Collection Act for failing to pay her within 72 hours of termination. Further, the plaintiff asserts that individually-named defendants, Diana Arigoni ("Arigoni") and Kimberly Puskarich ("Puskarich"), are liable for her disability

discrimination and retaliatory discharge as they aided and abetted, incited, and compelled others to engage in these acts against Konikowski.

Defendant Wheeling Island Gaming removed this action to federal court on June 22, 2012, alleging that defendant Arigoni was fraudulently joined to destroy diversity.[1]   Thereafter, the plaintiff filed a motion to remand this case arguing first that defendant Arigoni was not fraudulently joined.   Even if the defendant was fraudulently joined, however, the plaintiff argues that defendant Puskarich is a West Virginia resident and therefore the case should not have been removed from West Virginia state court.   Subsequently, the defendants filed a response contesting the plaintiff's allegations and the plaintiff then filed a reply to that response.   Defendant Arigoni also filed a motion to dismiss the plaintiff's complaint at the same time the response to the motion to remand was filed.   The plaintiff filed a response to the motion to dismiss and defendant Arigoni filed a timely reply.

Having reviewed the parties' pleadings and the relevant law, this Court finds that diversity jurisdiction is lacking, as defendant Arigoni was not fraudulently joined.   Accordingly, the plaintiff's motion to remand must be granted, and defendant

---

[1]Defendants Arigoni and Puskarich were not served with the plaintiff's complaint at the time of this removal.  See ECF No. 7 Thus, they need not join in the notice of removal.   Shaffer v. Northwestern Mut. Life Ins. Co., 394 F. Supp. 2d 814, 819 (N.D. W. Va. 2005) (citations omitted).

Arigoni's motion to dismiss will be denied without prejudice to being raised in state court, if appropriate.

Konikowski began working as a cashier at the Wheeling Island Casino, a facility owned and operated by defendant Wheeling Island Gaming, on October 23, 2007. Thereafter, she was employed in an accounts payable position in the accounting department. During her employment with Wheeling Island, Konikowski reported various violations by other employees to the management. In February 2011, a month prior to her termination, Konikowski reported that she was the only one of her colleagues in finance who was not able to draw overtime.

Konikowski has had several health issues during her employment with Wheeling Island, which she claims defendant Puskarich was aware of. The health issues include a lower colon issue in September 2010 and more recently, a heart anomaly. In March 2011, prior to her termination, Konikowski also had a breast biopsy, which resulted in her doctor scheduling a surgery. According to the plaintiff, defendant Puskarich showed a change of attitude toward Konikowski when she informed her of the various medical issues.

---

[2]For the purposes of this opinion, this Court adopts, for the most part, the facts as set forth by the plaintiffs in their complaint.

A day after Konikowski informed Puskarich of the biopsy results and the scheduled surgery, defendant Arigoni asked the plaintiff about defendant Arigoni's most recent raise. After Konikowski responded, defendant Arigoni reported the plaintiff to management for divulging confidential information. On March 7, 2011, Konikowski was suspended and then terminated on March 11, 2011. Konikowski alleges that another employee had divulged confidential information regarding pay raises, but only Konikowski was suspended and then terminated. Konikowski also alleges that defendant Arigoni asked on several occasions, prior to the plaintiff's termination, to trade jobs with her. It is believed that defendant Arigoni held Konikowski's position in accounts payable for a time following Konikowski's termination. Furthermore, upon her termination, Konikowski purportedly did not receive her final wages within a 72-hour period.

## III. <u>Applicable Law</u>

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. <u>See</u> <u>Mulcahey v. Columbia</u>

<u>Organic Chems. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. <u>Id.</u>

The doctrine of fraudulent joinder creates an exception to the requirement of complete diversity. <u>See</u> <u>Mayes v. Rapoport</u>, 198 F.3d 457, 461 (4th Cir. 1999). Under this doctrine, removal is permitted even if a non-diverse party has been named as a defendant at the time the case is removed if the non-diverse defendant has been fraudulently joined. <u>Id.</u> "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." <u>Id.</u> When fraudulent joinder is alleged, a court is permitted to examine the entire record by any means available in order to determine the propriety of such joinder. <u>See</u> <u>Rinehart v. Consolidation Coal Co.</u>, 660 F. Supp. 1140, 1141 (N.D. W. Va. 1987).

## IV. <u>Discussion</u>

In support of her motion to remand, Konikowski argues: (1) there is no diversity of citizenship because plaintiff did not fraudulently join defendant Arigoni; and (2) due to defendant Puskarich's West Virginia residency, removal was improper. In response, the defendants contend that defendant Arigoni was fraudulently joined in this action and the case was properly

removed to federal court prior to service on defendant Puskarich. This Court addresses each of these issues in turn.

A.   <u>Fraudulent Joinder</u>

To establish fraudulent joinder, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" <u>Hartley v. CSX Transp., Inc.</u>, 187 F.3d 422, 424 (4th Cir. 1999) (quoting <u>Marshall v. Manville Sales Corp.</u>, 6 F.3d 229, 232 (4th Cir. 1993)).   A claim of fraudulent joinder places a heavy burden on the defendants. <u>Marshall</u>, 6 F.3d at 232.   "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor.  A claim need not ultimately succeed to defeat removal; only a possibility of right to relief need be asserted." <u>Id.</u> at 232-33 (internal citations omitted).   "Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." <u>Hartley</u>, 187 F.3d at 426.   Further, the burden is on the defendants to establish fraudulent joinder by clear and convincing evidence.   <u>See</u> <u>Rinehart</u>, 660 F. Supp. at 1141.

Here, the defendants do not allege outright fraud in the plaintiff's pleading.   Instead, the defendants argue that Konikowski simply did not assert a claim against defendant Arigoni.

6

Therefore, to defeat the plaintiff's motion to remand, the defendants must establish by clear and convincing evidence that, even resolving all issues of fact and law in the plaintiff's favor, Konikowski has not alleged any possible claim against defendant Arigoni.

The WVHRA provides a cause of action against individuals who "aid, abet, incite, compel or coerce any person to engage in unlawful discriminatory practices" as defined by the Act. W. Va. Code § 5-11-9(7)(A). The defendants argue that the plaintiff's complaint alleges no facts to implicate Arigoni in any unlawful discriminatory or retaliatory acts connected to Konikowski's employment or termination. This Court disagrees. The factual allegations Konikowski alleges in her complaint provide a "glimmer of hope" for the plaintiff in establishing a claim against defendant Arigoni.

Konikowski is alleged to have been terminated as a result of information provided to the management by defendant Arigoni. This information was a result of an inquiry made by defendant Arigoni a day after Konikowski informed defendant Puskarich of her biopsy results and scheduled surgery. Furthermore, Konikowski alleged that defendant Arigoni asked her to switch jobs with her prior to her termination and is alleged to have held Konikowski's position for a time after the plaintiff's termination. This Court believes these allegations, taken as a whole, provide at least the

possibility of a right to relief.  Therefore, this Court finds that complete diversity does not exist between the parties because the plaintiff did not fraudulently join defendant Arigoni.

B.    Defendant Puskarich's Residency

Although this Court has determined that it does not have original jurisdiction pursuant to 28 U.S.C. §1332(a) due to a lack of diversity amongst the parties, the Court will address the plaintiff's argument concerning defendant Puskarich's residency briefly.  According to 28 U.S.C. §1441(b)(2), a diversity action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." (emphasis added).  Commonly referred to as the forum defendant rule, this rule limits jurisdiction based on diversity of citizenship by requiring that defendants who have been joined and served cannot reside in the forum state.  See 28 U.S.C. §1441(b)(2).  This rule only applies when a local defendant is named and served before the action is removed to federal court.  See Vitatoe v. Mylan Pharm., Inc., 2008 WL 3540462 at *5 (N.D. W. Va. Aug. 13, 2008) (If a forum defendant is joined and served after the action is already removed to federal court, removal jurisdiction is not affected.).

The plaintiff argued in her motion to remand that even if it was determined that there was complete diversity, removal of the action was still improper, as defendant Puskarich is a resident of

West Virginia, the state in which the action was originally brought. The defendants, however, state that because defendant Puskarich was not served at the time of removal, § 1441(b)(2) does not apply. This Court agrees that defendant Puskarich was not served until after the removal of this case. See ECF No. 7. As a result, removal would have been proper regardless of defendant Puskarich's residency, because although she was a defendant of the forum state, she was not properly served at the time of removal. Therefore, if this Court had found complete diversity amongst the parties, § 1441(b)(2) would not have prevented removal of this action. As it stands, however, this finding does not affect the determination that this Court does not have original jurisdiction over this action and must grant the plaintiff's motion to remand.

V.  Conclusion

For the reasons stated above, the plaintiff's motion to remand is GRANTED and defendant Arigoni's motion to dismiss is DENIED WITHOUT PREJUDICE to being raised in state court, if appropriate. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of

the Circuit Court of Ohio County.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    October 31, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE